UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FARMERS INSURANCE COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-CV-0237-CVE-SH |
| ) | |
| MIKE BALLARD and ) | |
| CYNTHIA BALLARD, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Now before the Court are Defendants' Motion to Dismiss the Complaint for Declaratory Judgment (Dkt. # 10) and plaintiff's Motion to Consolidate (Dkt. # 19). Plaintiff Farmers Insurance Company, Inc. (Farmers) filed this declaratory judgment action seeking a ruling that Farmers has fully performed its obligations under a homeowner's insurance policy issued to Mike and Cynthia Ballard (the Ballards), and Farmers also seeks a declaratory judgment that the Ballards made a material misrepresentation that voided the insurance policy. Dkt. # 2, at 3. Farmers asks the Court consolidate this case with a later-filed case filed by the Ballards, because the cases involve the same factual and legal issues. Dkt. # 19. The Ballards argue that the Court should dismiss this declaratory judgment action and allow the parties to fully resolve their dispute in the Ballards' lawsuit alleging claims of breach of contract and bad faith against Farmers.

On March 28, 2025, Mike and Cynthia Ballard filed a lawsuit in Tulsa County District Court against Farmers and Paul Orr, the insurance agent who allegedly helped them apply for homeowner's insurance with Farmers. Mike and Cynthia Ballard v. Farmers Insurance Company, Inc. and Paul Orr, 25-CV-018-CDL (N.D. Okla.). The Ballards alleged that Farmers breached the insurance contract and acted in bad faith by failing to pay the full amount of the Ballard's roof damage claim,

and they alleged that Orr could be held liable for negligence or breach of contract for putting inaccurate information in the Ballard's application for insurance coverage. Farmers is incorporated in Kansas and maintains its principal place of business outside of Oklahoma, and Orr and the Ballards are citizens of Oklahoma. Dkt. # 2, at 2. Farmers removed the case to federal court on the ground that Orr was fraudulently joined as a party, because there was no possibility that the Ballards had a viable claim against Orr. Id. at 3-7. The Ballards chose not to file a motion to remand and, instead, voluntarily dismissed their claims against Farmers and Orr.

Six days after the Ballards voluntarily dismissed their initial lawsuit, Farmers filed this case seeking a declaratory judgment that it has fulfilled its contractual obligations and that the Ballards voided the insurance policy by making a material misrepresentation in their application for insurance coverage. Dkt. # 2, at 3. On May 19, 2025, the Ballards refiled their claims against Farmers in Tulsa County District Court, but they also named Orr and Farmers Insurance Exchange as defendants. Farmers removed the refiled claims to federal court and argued that Orr and Farmers Insurance Exchange were fraudulently joined as parties. That case is currently pending before the Honorable John F. Heil, and the Ballards have filed a motion to remand that case to state court. Mike Ballard and Cynthia Ballard v. Farmers Insurance Exchange, 25-CV-323-JFH-CDL (N.D. Okla.).

In this case, the Ballards filed a motion to dismiss Farmer's claim for declaratory relief, and they argue that Farmers filed the declaratory judgment action to gain a procedural advantage over the Ballards and prevent them from pursuing their claims in state court. Dkt. # 10. Farmers has filed a motion to consolidate this case with the Ballards' later-filed case, and Farmers seeks to have all claims resolved in the lower-numbered case currently pending before the undersigned. The Ballards

have filed a motion to remand in the later-filed case, and they argue that the entire matter should be resolved in state court.[1]

Before considering Farmer's request to consolidate cases, the Court finds that it should initially consider the Ballards' motion to dismiss Farmer's claim for declaratory relief. When a federal court plaintiff requests declaratory relief, abstention is governed by the discretionary standard of Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), not the extraordinary circumstances test of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). Wilton v. Seven Falls Co., 515 U.S. 277 (1995). The Brillhart standard is much less stringent than the Colorado River test, and Brillhart grants a federal district court much more discretion than Colorado River. United States v. City of Las Cruces, 289 F.3d 1170, 1182-83 (10th Cir. 2002). The Tenth Circuit has provided five factors to guide district courts in exercising their discretion to hear a declaratory judgment action if there is a similar lawsuit pending before a state court:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994) (quoting Allstate Ins. Co. v. Green, 825 F.2d 1061, 1063 (6th Cir. 1987)). Under this test, the degree of similarity between the state and federal court cases is a factor in the court's decision but, unlike in Colorado River, a

---

[1] The Ballards refer to their refiled case as the "state court action" throughout their filing. However, their case is currently before another judge of this Court, and it is not clear whether the case will be remanded to state court.

stay could be appropriate in some circumstances when two cases are not parallel proceedings. City of Las Cruces, 289 F.3d at 1182-83.

The Court notes that there is not currently another proceeding pending before a state court, because the Ballards' refiled claims were removed to federal court by Farmers. This does not prevent this Court from considering the Mhoon factors when ruling on the Ballards' motion to dismiss the declaratory judgment action. Pruco Life Ins. Co. v. Glazier as Trustee for Joel Eastman Irrevocable Life Ins. Trust 2008, 2022 WL 4534623 (D. Kan. Sep. 28, 2022) (noting that the Mhoon factors are typically applied to parallel state and federal proceedings, but applying the Mhoon factors after the parallel state court proceeding was removed to federal court); Bd. of Cnty. Comm'rs of Cnty. of Boulder v. Rocky Mountain Christian Church, 481 F. Supp. 2d 1181, 1189 (D Colo. 2007) (existence of another federal case involving same parties and legal issues is relevant to the court's decision whether to proceed with a parallel declaratory judgment action). The Brillhart/Wilton abstention doctrine derives from the Declaratory Judgment Act itself, and the existence of a parallel state court case is simply one factor a district may consider in determining whether it is appropriate to hear a declaratory judgment action. See Med. Assurance Co., Inc. v. Hellman, 610 F.3d 371, 378-79 (7th Cir. 2010).

The first Mhoon factor is whether the declaratory judgment action would "settle the controversy," and the parties dispute whether Farmer's declaratory judgment action would fully resolve the controversy. The Ballards' original case included claims of breach of insurance contract and bad faith against Farmers, and they argue that the declaratory judgment action will settle only part of the dispute between the parties. Dkt. # 10, at 5. They contend that the bad faith component of their lawsuit will not be resolved by the declaratory judgment action, and the scope of their claims

is significantly broader than the declaratory judgment action. Id. Farmers takes the position the Ballards' lawsuit involves only issues outside the scope of the declaratory judgment action due to the Ballard's fraudulent joinder of non-diverse parties.[2] Dkt. # 20, at 8. This argument fails to take into account that the Ballards have alleged breach of contract and bad faith claims against Farmers. It is possible that the declaratory judgment action could resolve all outstanding issues between the parties if the Court were to find entirely in favor of Farmers. However, the Ballards have alleged breach of contract and bad faith claims in their later-filed case, and the declaratory judgment is likely to leave key aspects of plaintiff's claims unresolved. The Court finds that the first Mhoon factor weighs in favor of abstention or dismissal due to a significant likelihood that the declaratory judgment action will not fully resolve the parties' dispute.

The second Mhoon factor is whether a declaratory judgment will serve a useful purpose in clarifying the parties' legal relations. The parties' arguments are not helpful in applying this factor, as both sides rely on competing and inaccurate assumptions about the existence of a state court lawsuit. The Ballards' argument is based on an assumption that their later-filed case will be remanded to state court, while Farmers' argument seems to be based on an assumption that the Ballards' later-filed case has already been consolidated with this case. Dkt. # 10, at 6; Dkt. # 20, at 8-9. The Court finds that the declaratory judgment would resolve key disputes over the applicability

---

[2]    Farmers also argues that the Mhoon factors are wholly inapplicable due to lack of a parallel proceeding pending in state court. Dkt. # 20, at 8. Farmers is correct that there is currently no parallel proceeding pending in state court, but there is a parallel proceeding that Farmers removed to federal court. The Court has already established that the Brillhart/Wilton abstention doctrine remains applicable when a declaratory judgment action and a parallel proceeding are both pending in federal court, and the Court finds no reason to consider Farmer's argument that there is no parallel proceeding relevant to the Court's abstention analysis.

of the insurance policy to the Ballards' claim for insurance coverage, even if the declaratory judgment may not fully resolve the parties' dispute.

The most disputed factor by the parties is whether Farmers filed the declaratory judgment to gain a procedural advantage and prevent the Ballards from proceeding with their claims in state court. The Ballards contend that they have an "unequivocal right" to proceed with their claims in state court, and they accuse Farmers of rushing to file a declaratory judgment action to keep the parties' dispute out of state court where it "naturally belongs." Dkt. # 10, at 6. The Ballards cite St. Paul Fire & Marine Ins. Co. v. Runyon, 53 F.3d 1167 (10th Cir. 1995), for the proposition that the Tenth Circuit has expressly condemned the practice of an insurance company racing to the courthouse to file a declaratory judgment action to obtain a federal forum. Dkt. # 10, at 6. Farmers responds that the Ballards voluntarily dismissed their initial lawsuit, and they did not give Farmers notice that they intended to refile their claims. Dkt. # 20, at 9. The declaratory judgment action was filed while no lawsuit between the parties was pending, and Farmers had a right to seek resolution of the matter without undue delay. Id. at 10.

The Court finds that third Mhoon factor does not support the Ballards' request to dismiss this case. Both sides were seeking a forum which they perceived to be advantageous and, although the Ballards claim that Farmers engaged in forum manipulation, Farmers filed this case when there was no lawsuit pending between the parties. The Ballards had voluntarily dismissed their initial lawsuit and they had not given Farmers notice that they intended to refile their claims in state court. There is nothing inherently improper about an insurer filing a declaratory judgment action to seek a ruling on a coverage dispute with an insured, and this can be an expeditious manner to resolve a coverage dispute. The insurer in St. Paul filed a declaratory judgment action after the insured threatened to

file his own lawsuit after a three year dispute over coverage, and the declaratory judgment action was filed one day before the insured's self-stated deadline to file his own lawsuit. St. Paul Fire & Marine Ins. Co., 53 F.3d at 1168. In this case, the Ballards were the first parties to file a lawsuit, and they voluntarily chose to dismiss their claims rather than litigate whether Farmers properly removed the case to federal court. The Ballards refer to Farmer's removal of the initial case as a "procedural distraction," but a defendant has a right to file a notice of removal when it believes that the federal district court can exercise jurisdiction over the case. The Court finds no basis to conclude that Farmers engaged in improper procedural fencing or forum manipulation by filing a declaratory judgment action.

The fourth Mhoon factor (comity and judicial economy) weighs somewhat in favor of the Ballards, but not necessarily for the reasons suggested in the Ballards' motion to dismiss the declaratory judgment action. The Ballards argue that it would create friction with the state courts for this Court to hear a declaratory judgment action "with those very issues already pending in Tulsa County District Court." Dkt. # 10, at 7. The Court has already noted that plaintiff's later-filed case was removed to federal court, and there is no currently no state court lawsuit pending between these parties. The Court expresses no opinion on whether the case was properly removed to federal court, but there is presently no potential risk of friction between federal and state courts caused by parallel lawsuits proceeding in both forums. However, the interest of judicial economy strongly favors allowing the parties to resolve their dispute in a single lawsuit, rather than the separate cases that are currently pending before the undersigned and another judge of this Court. Comity may not presently be an issue due to the lack of parallel state and federal proceedings, but the fourth Mhoon factor strongly favors dismissal to prevent the unnecessary litigation of the same issues in separate lawsuits.

The fifth and final <u>Mhoon</u> factor is whether there is an alternate or more effective remedy to resolve the parties' dispute than a declaratory judgment action. The Ballards' argue that their later-filed lawsuit will be the most efficient forum to resolve all pending disputes between the parties. Dkt. # 10, at 8. Farmers simply argues that "there is no state court proceeding affording an alternative remedy." Dkt. # 20, at 11. Farmers ignores that it removed the Ballards' state court lawsuit to federal court and that the Ballards' later-filed lawsuit is broader in scope than Farmers' declaratory judgment action. The Court finds that resolving all claims between the parties in a single case is a better use of judicial resources, and there is alternative remedy available to the parties other than Farmers' declaratory judgment that would allow the parties to fully resolve their dispute. The fifth <u>Mhoon</u> factors strongly weighs in favor of dismissing Farmer's declaratory judgment action.

Considering all of the <u>Mhoon</u> factors, the Court finds that the Ballards' motion to dismiss (Dkt. # 10) should be granted. Farmers has shown that a declaratory judgment concerning the parties' rights under the subject insurance policy could resolve part of the parties' dispute, and the second <u>Mhoon</u> factor weighs against abstention or dismissal. The Court finds that the third <u>Mhoon</u> factor is neutral, because the Ballards have not shown that Farmers engaged in procedural fencing and the Ballards have engaged in their own jurisdictional gamesmanship. The remaining <u>Mhoon</u> factors all weigh in favor of dismissal of Farmers' declaratory judgment action. It would be a waste of judicial resources for two judges to consider whether Farmers' breached the subject insurance policy, and it would also be a waste of the parties' resources to litigate the same issue in separate lawsuits. The Ballards' later-filed lawsuit is broader in scope than Farmers' declaratory judgment action, and it is the more appropriate forum for the parties to fully litigate all pending claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss the Complaint for Declaratory Judgment (Dkt. # 10) is **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Consolidate (Dkt. # 19) is **moot**.

**DATED** this 24th day of September, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE